# IN THE UNITED STATES DISTRICT COURT
## FOR NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**FILED**

AUG 05 2013

JP 2013 OB CH520

| | |
|---|---|
| JANET PHONGSA, INNOCENT OBI | ) |
| Plaintiffs | ) |
| | ) |
| | ) |
| JPMORGAN CHASE BANK NA., CHASE HOME- | ) |
| FINANCE LLC, GN MORTGAGE LLC, MERS, | ) |
| PIERCE & ASSOCIATES, SCHWARTZ WOLF & | ) |
| BERNSTEIN, SUSY CHERIAN, WOLF DANIEL A) | |
| Defendants | |

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

13cv5571
Judge James B. Zagel
Magistrate Geraldine Soat Brown

## PLAINTIFF COMPLAINT

NOW COMES the Plaintiffs **JANET PHONGSA**   and **INNOCENT OBI** Proceeding Pro Se, in the above entitled action (hereinafter called plaintiffs),to complaint against, defendants (hereinafter known as defendants) **JPMorgan Chase Bank** (JPMCB), **Chase Home Finance LLC (CHF) Pierce & Associates** (Pierce),**Schwartz Wolf & Bernstein (SWB) Susy Cherian**(Susy), **Wolf Daniel A**(Dan Wolf),**Mortgage Electronic Registration System** (MERS)for violation of fair debt collection practice Act, fraud and inappropriate conduct, Defamation, punitive damages, intentional infliction of emotional distress, Pleading hypothetically and in alternative states as follows:  the property in question in this law suit is 520 North Third Ave, Des Plaines IL. 60016 .

## JURISDICTION  AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.O § 1331 and pursuant to 15 U.S.C. § 1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.
2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(c), 15 U.S.0 1692(d) (5), 15 U.S.01692 (e) (5), 15 U.S.0 1692(f) (6) (A), 15 U.S.0 1692g (a) (4-5), and 15 U.S.0 1592g (b-d).
3. ("FDCPA") and the invasions of plaintiff's personal privacy by the Defendants in their efforts to collect a consumer debt.
4. . This is an action under the Fair Debt Collection Practices Act, hereinafter "FDCPA," 15 U.S.C. §1692a, et seq
5. Jurisdiction in this case is founded upon 15 U.S.C. 1692k (d) which grants the United States District court jurisdiction to hear this action without regard to the amount in controversy.
6. This action arises out of Defendant violations of Fair Debt Collection Practices Act, 15 U.S.C §1692 et Seq. ("FDCPA") by the Defendants in their effort to collects an invalidated and unverified consumer debt as alleged Parties

7. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs resides, and Defendants transact business here and the amount involved is above $75000.00.

8. Venue lies in this district pursuant to the provisions of 28 U.S.C. section 1391 (b) and 18 U.S.C. section 1965(a) in that defendant have transacted business of a substantial and continuous character in this district, Plaintiff is subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Additionally, the ends of Justice require that defendant be brought before the Court pursuant to 18 U.S.C. section 1965(b). Further, pursuant to Section 1332(a), the matter in controversy exceeds the sum or value of $75,000.

9. At all times of the alleged incident, and at all times pertinent hereto, Defendants acted under color of law, of a statue, ordinance. Regulation, custom, or usage.

10. Plaintiff is a legal resident of the state of Illinois. At all times pertinent to this complaint he resided in the state of Illinois.

11. This is an action for monetary and compensatory , punitive damages, declaratory relief pursuant to Civil Rights Act of 1964, 42 U.S.C. Section 1981,1983,1988, 18 U.S.C 241 and 242. , Illinois Human Right Act 775 ILCS 5/6-101 (A) (d), 775ILCS 5/6-102 (k) (4) and 775 ILCS 5/2-102 (A) (G) (I) (2), violation of Illinois fair debt collection Practice Act 225 ILCS 425/9.3

12. Jurisdiction is specifically conferred on this court pursuant to Illinois fair debt collection Practice Act 225 ILCS 425/9.3, Illinois Human Right Act 775 ILCS 5/6-101 (A) (D), 775ILCS 5/6-102 (K) (4), 775 ILCS 5/2-102 (A) (G) (I) (2) and 28 U.S.C. 1331and that this incident originates and happened in the northern district of Illinois.

13. Venue is proper in this District. Under Illinois fair debt collection Practice Act 225 ILCS 425/9.3, 775ILCS 5/6-101 (A) (D), 775 ILCS 5/6-102 (K) (4) and 775ILCS 5/2-102 (A) (G) (I) (2) and 28 U.S.C. S 4323 ( c) (2) and 28 U.S.C. S 1391 ( b) because defendants Fifth Third Mortgage Company, Fifth Third Bank  maintains a place of business in this district.

14. The acts complained of herein primarily occurred within this district thus, venue is proper in this court.

15. All statutory conditions precedent to the institution of this lawsuit has been fulfilled.

16. This Court has jurisdiction over the law suit because the actions took place in this district, Plaintiff state law claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy. This is an action under the Illinois Fair Debt Collection Practices Act, 225 ILCS 425/9.3,  hereinafter "FDCPA and FDCPA" 15 U.S.C. §1692a, et seq

17. This action arises out of Defendants violations of Illinois, Wisconsin and federal Fair Debt Collection Practices Act, 15U.S.C§1692 et Seq. ("FDCPA") by the Defendants in their effort to collects an invalidated and Unverified consumer debt as alleged Parties.

## PARTIES

18. Janet Phongsa is a natural person, who resides in the City of Chicago, County of Cook, State of Illinois, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).the property in question are 388 3rd Ave and 520 N 3rd Ave. Des Plaines Illinois 60016

19. Innocent Obi is a natural person, who resides in the City of Chicago, County of Cook, State of Illinois, and is a "Consumer" as defined by 15 U.S.C. § 1692a (3).a lease owner with option to buy.

20. Defendants are "debt collectors" as the term is defined by 15 U.S.C. § 1692a (6) and/or retained the services of debt collector(s) with respect to Plaintiff's allegations.

21. The defendant (s) are:

   A. JPMorgan Chase Bank, Inc. is a citizen of another state and has some of its offices at Chicago , Illinois and has an agent in Illinois: Is also a debt collector as defined by the FDCPA, 15 U.S.C §1692a (6).
   B. CHF is a corporate entity that regularly conducts business in Chicago Illinois, Chase Home Finance LLC,  is a debt collector as defined by the FDCPA, 15 U.S.0 §1692a(6). CHF is not the original creditor and has failed to verify or validate its authority and or beneficial interest Include the involvement of the next defendants. CHF is a corporation that conduct business here in Chicago, state of Illinois and is registered and has its agent in Illinois but is a foreign corporation.. Plaintiffs charges Defendant for fraud and inappropriate conduct, Defamation, punitive damages, intentional infliction of emotional distress,  state law-defendant superior and indemnification,
   C. Defendant Chase Home finance LLC is also a Loan Servicer, a debt collector that regularly conducts business in Chicago, state of Illinois; .Defendant Chase Home finance LLC is a servicer to successor interest. Defendant is a "debt collector" as defined by FDCPA, 15 U.S.C. (section) 1692 a(6). At the time of the communications referenced herein, defendant neither owned the debt nor was retained by the owner to collect the alleged debt. (Alleged owner of the promissory note, JP Morgan Chase Bank N.A. Plaintiff seeks to "pierce the veil between a parent and a subsidiary" by sowing that "JP Morgan Chase Bank is merely "a dummy or sham" for CHF regarding its servicing rights.
   D. Defendant JPMorgan Chase Bank is the alleged owner of the note and mortgage of my property, of which JPMorgan Chase has failed and has defaulted in verifying and validating the loan and did not issue any default letter prior to filing the foreclosure law suit.

   E. Pierce & Associates is a law firm, debt collector as defined by the FDCPA, 15 U.S.C §1692a (6). Is a citizen of Illinois,

F. Schwartz Wolf & Bernstein is a law firm, debt collector as defined by the FDCPA, 15 U.S.C §1692a (6). Is a citizen of Illinois,

G. Daniel Wolf A is a citizen of Illinois, is a debt collector as defined by the FDCPA, 15 U.S.C §1692a (6).

H. Susy Cherian is a citizen of Illinois, is a business partner of Plaintiff Janet Phongsa who withheld plaintiff Innocent Obi's Interest and has been collecting rent without proper accountability. Defendant Susy is also a debt collector collector as defined by the FDCPA, 15 U.S.C §1692a (6). For failing to verify the alleged debt against plaintiff Janet before suing her in the state court ref.11 M3 002220 which has been dismissed, and defendant defamed plaintiff for an alleged $51.714.00 that never existed. Susy Cherian is also a registered Nurse,lender and realtor and worked for Nest Realty, Inc. she has been involved in fraud for defrauding the bank and the financial sector for being a buyer and seller and agent at the same time in this transaction. Plaintiffs will report Susy Cherian for professional malpractice and request both state and federal authorities investigate her and her Attorney who has been covering her up and protecting her in committing these heinous crime against plaintiffs.

I. MERS is organized and existing under the laws of Delaware and act solely as a nominee for lender GN Mortgage, LLC. Mers is also a debt collector as defined by the FDCPA, 15 U.S.C §1692a for failure to verify and validate debt prior to law suit.

J. GN mortgage LLC is a citizen of Wisconsin but has its business in Illinois and is doing Business in Illinois in this district, defendant is also a debt collector as defined by the FDCPA, 15 U.S.C §1692a for failure to verify and validate debt prior to law suit.

22. The Defendant (s) are debt collector as defined by the FDCPA, 15 U.S.C §1692a (6). JPMorgan Chase Bank, Pierce & Associates are not the original creditor and has failed to verify or validate its authority and or beneficial interest Include the involvement of the next defendants, Schwartz Wolf & Bernstein, Daniel Wolf A and Susy Cherian, fail to validate an alleged debt, failed to give account of her stewardship and refused to handover to plaintiff Obi , Obi's interest on the property..

## INTRODUCTION AND STATEMENT OF THE CASE

Janet Phongsa and Innocent Obi, pro se litigants, complaints of defendants , JPMorgan Chase Bank, Pierce & Associates alleges that Defendants has engaged in conspiracy with others in the following conducts which tends to defeat the administration of Justice or to bring the courts or the legal profession into disrepute: Defendants fraudulently collected money from plaintiff after defendants failed to proof to plaintiff ownership of the promissory note, failed to stop all form of harassment, intimidation in collecting an alleged debt that they have no interest in or has proved ownership, failure to send out notice of acceleration of debt, failure of law firm to initiate communication with

consumers prior to collection activity, lack of standing to bring forth the foreclosure law suit, false representation of fact and denial of short sale with intent to sale property on judicial sales. Plaintiffs were damaged and suffered emotional distress. This action is before this Court to remedy the defendants' unlawful treatment of plaintiffs. Plaintiff seeks Injunctive, declaratory, monetary and other appropriate legal and equitable relief. Plaintiff brings this complaint to redress wrongs against them, involving violations of U.S.C. 15 U.S.C. § 1692g (a) (1) — (5), (b), and (d)., fraud, inappropriate conduct, conspiracy, intentional infliction of emotional distress, state law-defendant superior, State law- indemnification and Lack of standing.

Plaintiffs request that this complaint will be amended again and again after discovery of applicable documented facts as they pertain to the nature of each defendants conduct giving rise to these causes of action.

More also, this complaint is for compensating and punitive damages and an injunction to restrict certain activities of the defendants and prevent further wrongs and irreparable damages that are stated herein.

## FACTS COMMON AND RELATING TO ALL COUNTS OF CLAIMS AND HISTORY OF THE CASE

23.  Plaintiffs sent out certified mail to the defendants JPMorgan Chase and Pierce & Associates in exercise of consumer protection laws on January 22nd 2013 which the defendant received and to defendants   Schwartz Wolf & Bernstein, Dan Wolf and Susy Cherian, similar letter for verification and validation of debt was sent early March 2013 and notice of intent to sue by May 2013 for failure to handover rent collected on a joint partnership property of which plaintiff Obi has interest on. All defendants were notified and were requested for the validation and verification of debt in accordance with the Fair Debt Collection Practices act in conjunction with a QWR (Qualified Written Request sec. 6-2605 RESPA).

24. Prior to and just after the foreclosure law suit filed by JPMCB and  law suit filed by Susy Cherian (dismissed), plaintiffs  have written numerous QWR Qualify written request letters to defendants in exercise of consumer protection laws on the following dates, certified mail #:#: 7011 0110 0001 5430 6424, # 7004 2890 0003 8757 3665, # 7009 1410 0000 1568 6299, 7010 3090 0001 5161 5641,  and many others mailed in 2012 and 2013 just to mention but a few, also to Susy Cherian  and her attorney Wolf, 7009 2820 0001 5323 4697 and by regular mails
, Consequently due to defendant's failure to respond and continued collection activity by filing a foreclosure action and breach of contract action against plaintiffs knowing fully that verification and validation of debt should cease all collection activity.

25. Plaintiffs sent a letter of intent to sue to all defendants JPMC CHF , PIERCE in December 2012 and to Susy Cherian and Wolf defendants in  January 1st 2013 by certified mail and regular

26, After receiving the validation of debt letter the Defendants, at all relevant times during the 30 day validation period in which all debt collection activity is mandated to cease, continued collection activity.

27.     From June 2011 to the present time, Defendants has not acknowledged receipt of plaintiffs' Qualified Written Request or validated the debt allegedly owed by the plaintiff.

28. After receiving the validation of debt letter all Defendants at all relevant times during the 30 day validation period in which all debt collection activity is mandated to cease the defendant was still actively and in an abusive manner continued collection activity.

29. At all relevant times, Defendants JPMCB and Pierce repeatedly telephoned plaintiff in a harassing fashion demanding payment of a debt even when noticed of the request pursuant to the FDCPA and further requests to cease collection calls and collection activity, to please respond as mandated by Federal Law. Plaintiff has recorded in a log most of the call history from defendant.

30. Defendants JPMorgan and Pierce repeatedly calls Plaintiff demanding, intimidating & harassing Plaintiffs regarding a debt that was never validated or verified by the defendants which is a violation of "FDCPA" 15 U.S.C §1692d(5) specifically as the Defendants did receive the FDCPA request as described in the code and were repeatedly reminded every single time the defendants representatives called the Plaintiff in an effort to collect a debt that they never owned. The calls were filled with insults, threats, misinformation and willful verbal acts and demands of which is now thought to be a scheme and artifice to defraud.

31. Defendants JPMorgan and Pierce in multiple of their calls threatened to force plaintiffs out of their home, harassed and continue to intimidate plaintiff with stressful languages as:

> **"You have been served, you must file appearance"**
> **"Judgment has been entered against you"**
> **"Your house will be sold soon without further notice"**

32. These words from Defendants JPMorgan and Pierce are troubling and threatening, for we know that defendants has absolutely no right to threatened us with forceful eviction, Under Illinois law, however, a foreclosure judgment or eviction judgment does not automatically entitle the lender (or its lawyer) to force the debtor to vacate the premises right away" Rather, the general rule provides that an eviction can occur only 30 days after a foreclosure sale is confirmed. See 735 ILCS 5/15-1701(c) ("after the entry of a judgment of foreclosure and through the 30th day after a foreclosure sale. Plaintiff property has not been sold and possession order has not been entered, more importantly plaintiff has never been served in the alleged foreclosure case.

33. Defendants JPMorgan and Pierce did not regularly, in every call, warn the plaintiff that the purpose of the call was an attempt to collect a debt and any information obtained will be used for that purposes.

34. After several weeks of receiving repeatedly telephone calls from the Defendants JPMorgan and Pierce , plaintiffs sent out another mail to all the Defendants notifying them of non-compliance of the Fair Debt Collection Practices Act. RESPA, and in good faith was offered an opportunity to cure. Defendant again failed to reply or respond at all and continued collection activity.

35. Plaintiffs received communication from Defendants JPMorgan and of their interest to collect debt from plaintiffs. Defendant may have tried to avoid compliance and attempting to reset the FDCPA timing clock by using another delay tactic without providing an answer to the QWR. This is another violation of FDCPA 15 U.S.C §1692g (b) by defendant attempting to collect debt during validation period.

36. Prior to this communications, Defendants JPMorgan and Pierce constantly called plaintiff more than 15 times and constantly calling and sending communications demanding plaintiffs to pay up their debt, but plaintiffs requested them to provide proof of the real amount, the name of the creditor to whom the debt is owned, a statement advising me of my rights because of the disputed amount of the alleged debt in writing.

37. Defendants JPMorgan and Pierce supposed to stop all further collection activity until provisions of clarification as required by Section 1692g, instead defendants continued collection activities and continued to call plaintiffs more than 15 times within 30days because of that plaintiffs cell phone bills were too expensive and decided put her phone in off position despite written and verbal warning to all defendants to stop call plaintiff on her cellular phone.

38. Plaintiffs sent out, qualified written request for validation and verification of debt cease & desist letter to the Defendants,

39. Plaintiffs in the request, demanded that defendants provide to them responses to all their QWR for validation and verification of debt.

40. Defendants sent Plaintiff a letter acknowledging reception of plaintiffs QWR but still never responded to it.

41. All Defendants fraudulently filed a claim and sued plaintiff in retaliation for their demand of verification and validation of debt and they claimed ownership of a note and mortgage which they never has any form of interest prior to filing of the law suit in another state. These defendants continued to violate the FDCPA 15 U.S.C

42. §1692g(b) attempting to collect debt during a validation period by avoiding FDCPA and hiring 3rd party collectors while in violation of the consumer protection rights and laws.

43. Plaintiffs sent a letter to Defendants to stop collection of the alleged debt during for a validation Period which constitute a violations by the defendants.

44. On a daily basis all defendants called plaintiffs from March 2012 till June 2013 harassing & abusing plaintiff, one of the defendant callers remarked to plaintiff that there is no need of the validation and that her house will be foreclosed, that the FDCPA does not apply to them.

45. Defendants further tried in varied calls and numerous letters to convince the plaintiffs that the Plaintiffs property will be foreclosed, that they are the new owner of her property and that the Plaintiffs were required to move out. This was an attempt at

inducing the plaintiff to abandon the property. On another occasion the defendant offered Plaintiffs incentives to move out.

46. Plaintiffs have felt shame and humiliating experiences from the defendants causing severe emotional distress by and through the constant calls and voice mail messages.

47. Defendants acts have caused the plaintiffs to withdraw from their family, lose sleep & become irritable and become unsociable.

48. Plaintiffs continue to be emotionally affected by defendant's unlawful actions even to the extent that defendants have threatened to put plaintiff's tenant off their unit without any further notice and defendant Cherian, Wolf have threatened to sue plaintiff again for un disclosed amount, while constantly withheld Janet's interest on the property that belongs to Mr. Obi now..

49. As at the date of drafting this complaint, no validation of the debt has ever been issued, nor has defendant even attempted such a validation

50. Plaintiffs have suffered actual damages as a result of illegal communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment amongst other negative emotions, as well has suffering from unjustified and abusive invasions of personal privacy at the plaintiffs' home and workplace. Defendant has practiced a pattern of abusive tactics and material misrepresentations.

51. During the validation period the defendant continued to report derogatory information to all the three credit bureaus against the plaintiff which is also in violation of the FDCPA. since defendants received the validation letter from plaintiffs , defendants has continued to report negative information on plaintiff credit reports, 15 USC .§1692g this carry up to $1000 for each violations.

55. Plaintiffs received 12 logged calls and 15 correspondence from defendant during the validation period again according to the 15 USC §1692c it's a violations of the FDCPA which is up to $1000 per calls.

52.     Defendants refused to cease all collection activity as defined pursuant to 15 U.S.C §1692c (C) during all relevant times within the validation and verification period.

53.     also failed to cease all debt collection activity by sending computer generated note & statement to plaintiff which is not the original signed with ink has requested in the FDCPA sent to defendants, anyone can do the same thing defendant did by going on the computer and printing out information this is a fraud, also a violation.

54.     Also, FDCPA & QWR was sent to the debt collector but they never responded to the request but still continue their illegal collection activities.

55. All Defendants' or its collection representative repeatedly called Plaintiffs demanding, intimidating & harassing Plaintiff regarding a debt that was never validated or verified by the defendants which is a violation of "FDCPA" 15 U.S.0 §1692d(5) specifically as the Defendants did receive the FDCPA request as described in the code and were repeatedly reminded every single time the defendants representatives called the Plaintiff in an effort to collect a debt. The calls were made with insults, threats, misinformation and willful verbal acts and demands of which is now thought to be a scheme and artifice to defraud.

56. Defendants did not regularly, in every call, warn the plaintiffs that the purpose of the call was an attempt to collect a debt and any information obtained will be used for that purposes.

57. After several weeks of receiving repeatedly telephone calls from the defendant, the plaintiff sent out another certified registered mail notifying them of noncompliance of the Fair Debt Collection Practices Act. RESPA, and in good faith was offered an opportunity to cure. Defendants again failed to reply or respond at all and continued collection activity.

58. Plaintiffs Notified defendants to cease all call to their cell numbers but defendants continued to violate that rule. Defendants may have tried to avoid compliance and attempting to reset the FDCPA timing clock by involving a different collector. This is another violation of FDCPA 15 U.S.0 §1692g(b) by defendant attempting to collect debt during validation period.

59. Plaintiffs sent out cease & desist letter to the defendants.

60. On daily basis defendants called plaintiffs harassing & abusing plaintiffs. One of the defendant callers told and plaintiff that she has no right of whatever to request validation of debt from defendants. That the FDCPA does not apply to The Defendants. Defendants have in various methods used false statement to deceive plaintiff. All of the Defendants claims were material fabrications with intent to deceive of which Plaintiff could have relied on her own detriment.

61. Plaintiffs has felt shame and humiliating experiences from the defendant causing severe emotional distress by and through the constant calls and voice mail messages. Defendants acts has caused the plaintiff to withdraw from his family, lose sleep & become irritable and become unsociable

62. Plaintiffs continues to be emotionally affected by defendant's unlawful actions As at the date of drafting this complaint, no validation of the debt has ever been issued, nor has defendants even attempted such a validation

63. As a result of defendants' violations, Plaintiffs issued a notice of default and cease and desist letter to defendants

64. Plaintiffs have suffered actual damages as a result of illegal communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration,

Defendants have practiced a pattern of abusive tactics and material misrepresentations.

65.     All defendants failed to cease all collection activity as defined pursuant to 15 U.S.0 §1692c (C) during all relevant times within the validation and verification period.

66. Defendants, never sent any delinquent notice or intent to accelerate the note and mortgage.

67.     Pierce & Associates, Swartz Wolf & Bernstein and Dan Wolf, never initiate any communication with plaintiffs prior to filing of the foreclosure and civil law suit against Plaintiff.

68.     JPMC, CHF,  was not the owner of the note prior to filing of the foreclosure law suit and never accelerated the note no responded to the QWR for validation and verification of debt.

69.     Pierce & Associates, Swartz Wolf & Bernstein and Dan Wolf defrauded and misleads plaintiffs.

70.     Plaintiff are entitled to and hereby respectfully demands a trial by jury United States constitution amends 7 Fed. R. C. P. 38

### FACTS PERTAINING TO DEFENDANT  SUSY CHERIAN

71. Susy  Cherian is a business associates of plaintiff Janet Phongsa Plaintif and both did some joint purchases in the past. Plaintiff entrusted defendant Cherian Susy to manage the joint properties and her personal property because plaintiff Janet has two jobs and has lee knowledge about real estate.

72.     Defendant Susy accepted the offer mutually agreed without any written contract to manage the properties, which include payment of the mortgages, insurance, property taxes and other managerial needs from the income from the property.

73. Defendant Susy has been collecting approximately $3500 every month from rent and spends approximately $300 every month for maintenance of their joint property **(520 North Third Ave in Des Plaines)** a four unit rental property.

74. a joint account was established for accounting and maintenance purposes.
Both plaintiff and Susy Cherian agreed to contribute $500 each monthly after Cherian Susy reported that the rent collected from the property does not solve all the bills. This amount supposed to be paid into a central Chase account,

75. This joint purchase s mentioned above happened in 2006.
From 2006 till 2011 April ,after plaintiff requested  for accounting to move forward with loan modification, defendant Susy refused to provide evidence of true accounting , closed the account prior to April and changed the account to TCF where Plaintiff Janet  has no access. At the same time defendant Cherian Susy changed all plaintiff address on the joint venture documents to her address, including rental contracts , leases, bank accounts, loan  mailing addresses of joint owners and all documents was going to her.

76. All these happened without plaintiff's knowledge

77. Defendant through the help of Defendant Nancy Nowak Sander fraudulently faked and signed plaintiff signatures on leases and filed a quit claim deed on plaintiff personal property without plaintiff consent.

78. Through the help of external auditors plaintiff found out that defendant Cherian Susy entered and signed a fake quit claim deed on her personal property on 01/25/06 without her knowledge and permission.(document #: 0602556110).

79.  That around April 2011, Plaintiff requested Defendant Susy Cherian to produce statement of accounting from 2005 till present to reflect her own contribution to the extra cost of management of the building ($500). Plaintiff also notified defendant Cherian to stop further encroachment on her personal property at 907 west Braeside Arlington Heights, to stop all further maintenance and collection of rent. Defendant Susy continued after the warning and told plaintiff that she is not the rightful owner any more, it was then that plaintiff auditor found out about the quit claim deed entered by Susy in 2006 against plaintiff property without plaintiff consent and knowledge, the worst of it all Susy forged plaintiff signature and she became both the grantor and grantee on plaintiff personal property.

80. Around August of 2011, Plaintiff in an oral agreement settled the discrepancy of their joint property, which Susy will take the 388 building while Janet will take the 520 Building.
Contrary to that agreement Susy has been collecting rent from the property, despite the fact that plaintiff has allocated the contract to another company, Susy notified all the Tenants that Janet Phongsa is no longer the owner of the property, that she has relinquished her rights to her and her Husband.

81. Despite Notice and letters to tenants to stop making payment from the building to Susy, the Tenants ignored it and were forced to pay Susy by Susy's Husband.

82. Susy Cherian embezzled the funds collected from the rental properties 388 and 520 without proper accounting.

83. Susy Cherian stopped paying the Mortgage around May and still collects the rent that belongs to both parties without accounting for it.

84. As a result of failure to pay the mortgage and as plaintiff Janet was trying to make sure the right bank get paid for the mortgage, communicated to JPMCB and Suzy but none of them responded to her QWR, yo verify the debt allegedly owned to them.

85. Instead of Suzy responding the qualified written request, Susy sued Plaintiff Janet in case number 11-M3-002220 on 06/14/11 for $51.714.00 and that case was dismissed on 5/9/12, consequently the bank filed their own foreclosure law suit on 01/10/12 in retaliation in Case number 12-CH-00767

86. Susy Cherian fraudulently filed a false quit claim deed on Plaintiff personal property and faked plaintiff signature by the help of Nancy Nowak Sander.

87. Susy Cherian conspired with all defendants to send threatening letters to plaintiff with a view of taking plaintiff's property from her.

88. It should be noted that Susy Cherian is a Registered nurse by profession and also addressed herself as a broker and a real estate agent and worked for Nest Realty Inc., she is also an originator of a loan, she is also involved in this fraudulent deal that resulted in a partnership business with her.

89. Defendant Suzy promised plaintiff that she can help her buy many properties and it will be a joint venture but her name will not be showing in some to avoid taxation and being audited by the lender and realty agency she work for.

90. Defendant Suzy' action was n intent to commit fraud against the IRS, Department of Housing and the financial institution, knowing fully that plaintiff Janet is ignorant of anything with the housing market.

91. Defendant Suzy dragged Plaintiff into the business without explaining the consequence to her and plaintiff Janet on trust as a friend believed her and as a result Plaintiff Janet due to Suzy's inability to pay the mortgage payments from income of the property has resulted to foreclosure actions.

92. Susy Cherian Through the help of Daniel Wolf and the law firm of Schwartz wolf & Bernstein LLp fraudulent threatened plaintiff with law suits, attempted to take her property away from her, sent threatening letters and emails of her option to relinquish her rights to their clients.

93. Since 2005 till present plaintiff has contributed approximately $54000 paid directly to Susy and the chase account opened by both and closed by Susy for the up and running of their joint investment of which Susy never contributed as agreed and never accounted for it.

94. 20. On Jan. 25th 2012 plaintiff filed an extinguishment of the fraudulent quit claim deed on her property by Susy Cherian which makes that Deed null and Void.

95. Plaintiff intends to report this action of Susy to Attorney General's office , to the State and federal regulatory body on such fraud perpetuated by Susy and all her co-conspirators.

96. That the purported Quit Claim Deed which was fraudulently filed on 01/25/06 was purportedly entered between Susy K. Cherian signed as grantor and as grantee and fraudulently signed plaintiff signature of page one of the document. On page two, Nancy Nowak Sander fraudulently testified under oath and prepared the fake document for Suzy , Notary Public abused her power by notarizing under Oath that Janet Phongsa (plaintiff) appeared before her and under oath signed the quit claim deed.

97. No Quit Claim Deed was ever entered between Plaintiff and defendant Susy Cherian. That defendant Ms. Cherian decided to file the alleged Quit Claim Deed on plaintiff personal property was an act of fraud.

98. Plaintiff instructed Ms. Cherian to stop collection of rent from the 520 building and to stop all form of trespass and encroachment into her property including 907 and to return all closing documents of the building.

12

99. On Jan. 25th 2012 plaintiff, the rightful owner of the property in question extinguished the Quit Claim Deed and notified defendants to stop all fraudulent activity on her property and to stop all forms of invasion of his privacy .

100.    That Plaintiff has joint business investment for property 520 and 388 does not warranted defendant Ms. Susy Cherian to fraudulently file a Quit Claim deed on Plaintiff personal property.

101.  Defendants Ms. Susy, Wolf, Harris Conspired and claimed that plaintiffs' property belongs to Ms. Susy. Manifest in a written harassment letter by Daniel Wolf to Plaintiff.

102 Both Ms. Susy and Daniel Wolf, Sander and Harris denied involvement with the Quit Claim Deed. Defendant Wolf and the law firm and Ms. Susy conspired and threatened to sue plaintiff if he doesn't give up his own property for Ms. Susy Cherian

103.    That defendant Susy's action of fraudulently filing a Quit Claim Deed on Plaintiffs property without Plaintiffs permission or consent is fraud and has a criminal intent to deprive Plaintiff of her right to ownership of her property and did deprive plaintiff the right to use of her land.

104.    That Defendant Susy with criminal intent never served Plaintiff with a copy of the false Quit Claim Deed, with intent to conceal her fraudulent acts and depriving the owner of the property the due process right to be notified..

105.    On demand for all the closing documents of plaintiff property and her joint property with defendant Susy from Susy, defendant Susy refused to give plaintiff any of the copies.

106.    Defendant Susy Cherian, being the agent for Janet, being also a broker for the realtor company and being the seller agent, received all the closing documents on behalf of Janet (plaintiff) but refused to hand it over to plaintiff when requested. Due to the fact that Defendant Susy has refused to return all the documents, defendant continued to collect rent from plaintiff property without paying the mortgage.

107. Defendant Susy's constant pre-occupation, invasion, conversion of plaintiff's property as her personal property is a violation of law both federally and state.

108.    Defendant conversion and constant use of plaintiff's property without authorization is an intrusion of plaintiff's privacy.

109.    Plaintiff have through peaceful method requested defendant Susy to stop further occupation of her property and trespassing for years now but defendant Susy, conspiring with Daniel Wolf, has denied plaintiff the right to quiet enjoyment of her property .

110.    Ms. Phongsa has now filed a legal law suit against Ms. Cherian and others for the false Quit Claim Deed which led to the false occupation of her property, pending in the circuit court of cook county.

111. despite the transfer of Plaintiff Janets interest to Innocent Obi and others, and after due notice sent to defendants to start payment of the rent (Janet's own portion) to either

Innocent Obi owner of the property (covering Janet's interest) or to Ocean Breaker Inv. Inc. defendants Cherian and her lawyer has refused to offer part of the rent received on the property after minor expenses to Plaintiff Obi.

112. Since January 2013 till present Defendant Cherian has withheld a total of approximately $28000 or more based and signed rental contract due to be paid to Mr. Obi as owner of Janet's interest.

113. It is also clear that plaintiff Obi and Ocean Breaker has promised to bring the alleged mortgage debt to good standing if and only Susy Cherian will quitclaim her own interest to us since she has refused to pay the mortgage but has been receiving the rents since 2005.

114 as a result of her non-payment of the mortgage, the accounts become delinquent and resulted to the foreclosure.

115. Defendant Cherian has never filed any appearance on the foreclosure law suit filed by the bank, and plaintiff Janet Phongsa who has not been served has filled appearance and has been litigating the case through her lawyer.

116. Plaintiffs requested Defendant Cherian to allow the short sale to go on but they refused and wants the property to be foreclosed having received all the bulk of cash as rent income.

117. it is also clear that defendant Cherian has committed fraud and has failed to pay the appropriate taxes to IRS as income generated from the property since 2005 and plaintiffs wish to take this matter up to the appropriate federal authority for criminal charges.

118. Defendant Cherian in conspiracy with law firm Wolf and Daniel Wolf has decided to commit fraud against the Government of the United States of America for not paying their fair of the income taxes.

119. Plaintiffs could have resolved the delinquent payments and bring the mortgage to a good standing if and only defendants have cooperated.

120. As a result of the constant harassment and intimidation, Plaintiff has no choice but to bring this matter to a court of law wherein plaintiff will seek the necessary relief to regain control and right to his property, including but not limited to injunctive relief and reasonable fees and cost incurred as a result of the litigation and that is what plaintiff has set out to do in this law suit.

121. Defendant Susy has illegally for the past five years trespassed into plaintiff property, converted plaintiff property into her own use and is continually occupying plaintiff property and has refused to relinquish it costing plaintiff thousands of dollars.

122. Around August of 2011, Defendant Cherian Susy Conspired with defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP. and non-defendant Nancy Nowak Sander, Elizabeth Harris( who will be required to be added as a defendant in a near future when all facts are in or after discovery, in an attempt to harass and intimidate plaintiff and take away her property.

123. Around January 2006, defendant Susy maliciously conspired with defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP., Nancy Nowak Sander, Elizabeth Harris, filed a false Quit Claim Deed on plaintiff's property without plaintiff's consent, without notifying plaintiff.

124. Only plaintiff has absolute right to her property at all times, the constant breach of privacy of defendant Susy is a disturbing effect on plaintiff's life.

125. defendant Cherian must return to Plaintiff Obi all income generated as rent from the property in question in this law suit from January 2012 till present, including all accounting and paper work.

126. Denial of Plaintiff Obi's right to the property by defendant Cherian and wolf's misleading, fraudulent and violate plaintiff rights freedom and total privacy.
As a result of defendant's actions, plaintiff was damaged, received no income but still pay water bill of the alleged property while defendasnt is only busy collecting the rent.

127. As a result of defendants' actions, plaintiff was directly damaged and lost income and spends much of his time litigating a false case.

128. Plaintiffs alleges that defendant Susy violates her privacy, and uses unprofessional counsels to intimidate and harass plaintiff in their quest to take over plaintiff's property.

129. The charges against these defendants is solely based on fraud and deceptions and damage to personal property and trespassing.

130. Plaintiffs seeks judicial review of the defendants' abuse of plaintiff.

131. Plaintiffs seeks an order declaring that defendant's action was fraudulent.

132. Plaintiffs seek a total accounting of all monies, deposits and expenses from the Chase and TCF accounts and all payments to the mortgage this property mentioned herein that Susy Cherian was in charge.

133. Plaintiffs also seeks damages and monetary compensation based on defendants actions which has caused plaintiffs emotional distress and has defamatory consequences on the ego of the person of plaintiffs.

134. Defendants have engaged in conspiracy with each other's in the following conducts which tends to defeat the administration of Justice or to bring the courts or the legal profession into disrepute.

**FACTS AND STATEMENT OF THE CASE AS TO DEFENDANTS, Daniel Wolf, Schwartz Wolf & Bernstein LLP,**

135. Plaintiff affirms that defendant's action of intimidation and harassment was misleading, fraudulent and violates plaintiff rights to ownership and privacy. As a result of defendants' actions, plaintiff was damaged, spent time and money litigating law suits filed under false precepts and fraud just to harass and intimidate plaintiff.

136. As a result of defendant's actions, plaintiff was directly damaged and lost income and spends much of his time litigating a false action.

137. The charges against these defendants are solely based on fraud, deceptions and conspiracy. Due to the public ,s negligence, in falsely indicating that the person making acknowledgment was Janet Phongsa, was personally known to her when, in fact, her identity had been proved by other witnesses, was the proximate cause plaintiff's injury.

138. Plaintiff seeks judicial review of the defendant's abuse of power and authority and their fraudulent attitude in relation to their practice in this caption case..

139. Plaintiff seeks an order declaring that defendant's action was fraudulent.
The Notary public and an attorney who certified acknowledgment attached to Quitclaim deed, by falsely indicating that person making the acknowledgment was personally known to her when, infact, person's identity had been proved by other witness, was guilty of actionable negligence.

140. Plaintiff also seeks damages and monetary compensation based on defendants actions which has caused plaintiff emotional distress and has defamatory consequences on the ego of the person of plaintiff.

141. Defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP, were engaged in conspiracy with Defendant Susy Cherian in the following conducts which tends to defeat the administration of Justice or to bring the courts or the legal profession into disrepute:

142. Defendant Daniel Wolf, Schwartz Wolf & Bernstein LLP., jumped into the case out of malice and prejudice with the intent to bankrupt plaintiff as earlier intended to .

143. Defendant Daniel Wolf, Schwartz Wolf & Bernstein LLP., did not carry out any investigation or did not investigate to find out whether the case is seditious or frivolous and documents presented to them was fraudulent and the notary public attesting to the physical presence of Janet Phongsa when in reality Janet never appeared before her in that situation which was manifested by the gross action of the defendant Cherian signing both as grantor and grantee in the fabricated falsified Quit Claim deed.

144. Defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP, knowing fully that Ms. Janet Phongsa was the rightful owner of the said property then, conspired with defendant Susy Cherian to harass and intimidate plaintiff with letters. Such intimidating letters was the cause of plaintiff damages. Defendants Watkins Daniel Wolf, Schwartz Wolf & Bernstein LLP., , supported defendant Susy to file such a malicious Quit Claim Deed and law suit against plaintiff.

145. The accumulation of all fraudulent behavior and odd business practice of defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP., is one of the main source and cause of this law suit. It is not only the resultant effect of pending law suits but the damages done to plaintiffs in the past that are unlawful and barbarous.

146.    Defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP., wrote harassing and intimidating letters to plaintiff, seeking plaintiff to give up her own property and rights, Defendants  Daniel Wolf, Schwartz Wolf & Bernstein LLP., Nancy Nowak Sander, Elizabeth Harris,  claimed that the said land belongs to defendants

147.    Again defendant Daniel Wolf, Schwartz Wolf & Bernstein LLP., advised and motivated their client, defendant Susy Cherian to sue plaintiff for an issue of no contract so that she will be arrested and under duress she will give up the properties.

148.Defendant Wolf's and Cherian intentional decided not to pay Janet's interest of the property to Innocent Obi (owner) after the January 2013 letter and the phone conversations.

149.    Defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP, by reason of the above described incidents and actions shows that defendants Daniel Wolf, Schwartz Wolf & Bernstein LLP.,  including defendant Susy Cherian were engaged in conspiracy , their failure to investigate the case before litigation is an act of negligence.

150.    By reason of the conduct described above, Daniel Wolf, Schwartz Wolf  has engaged in the following misconduct:
      a. conversion;
      b. conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of
            Rule 8.4(a)(4) of the Illinois Rules of Professional Conduct;
      c. conduct that is prejudicial to the administration of justice, in violation of Rule .
            8.4(a)(5) of the Illinois Rules of Professional Conduct; and
      d. conduct which tends to defeat the administration of justice or to bring the
courts or    .              the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770.

151.    As a result of all these, plaintiffs was damaged.

152.    Plaintiff has been destroyed by defendant's unprofessional character and has caused plaintiffs emotional distress.

## COUNT I
## VALIDATION OF DEBTS
## VIOLATION OF U.S.C. 15 U.S.C. § 1692g (a) (1) — (5), (b), and (d).

**(JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein  (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))**

153.    Plaintiffs repeat and re-alleges and incorporates by reference the foregoing paragraphs of plaintiffs' amended complaint as though fully stated herein;

154.    The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA.

155.    Plaintiffs were harmed by the Defendants' violation of the FDCPA.

156.    Violation of any section of the FDCPA is a strict liability.

157.    Defendants actions were/are the proximate and direct cause of Plaintiffs harm.

158. In demanding for an amount not clarified and verified, defendant (s) violated 15 U.S.C.§1692e(2) in that it repeatedly falsely represented the character and amount of the debt Plaintiff prays for treble damages of the amount claimed by the defendant as owed. Defendant (s) has failed to verify or validate any standing which would support any claim or lien interest

159. In demanding the amount defendants (s) violated 15 U.S.C.§1692e(2) in that it repeatedly falsely represented the character and amount of the alleged debt, knowing fully that they do not own or have interest on the note prior to their filling of legal action against plaintiff. Plaintiff prays for treble damages of the amount claimed by the defendant as owed. Defendant (s) has failed to verify or validate any standing or validate the debt pursuant to Illinois FDCPA 225 ILCS 425/9.3 which would support any claim or lien interest they have.

160. The Defendant (s) violated 15 U.S.C. § 1692e (2)(A), (4)(5) and (10)(12) by repeatedly misrepresenting imminent nature of legal action by itself against plaintiff without complying or regard of strict compliance of Illinois consumer protection acts.

161. The Defendant (s) violated 15 U.S.C. § 1692g by making a threat of suit and/or arbitration during the debt validation request period in a manner that overshadowed the notice and demand of validation pursuant to the Fair Debt Collection practices act 1692g et seq , Illinois FDCPA 225 ILCS 425/9.3 & would create confusion for a least sophisticated consumer about his rights or remedies.

162. The Defendants' violated 15 U.S.C. § 1692e(5) by threatening legal action against plaintiffs, when no such action could legally be taken because no debt was verified or validated and defendants to date have failed to prove up any standing or right to state a claim in which relief may be granted or any instrument or document that obligates the Plaintiff to pay any sum of money to the defendant (s), plaintiff never applied or requested a mortgage loan from defendant and there is no evidence that proves any obligation thereof

163.    The Defendants' violated 15 U.S.C.§1692e(4) in that it threatened that it will take legal action Where such action was not contemplated, or ever filed; any actual or intended would be Unlawful to take and not permitted by any non-existent contractual right, and stated for the sole Purpose of terrifying the plaintiff and demanding payments and deprive Plaintiff of property and things of value.

164. Unlawful enrichment; defendants have unlawfully enriched themselves by fraudulently stealing plaintiff income and withheld it without proper authorization. The defendants' violated 15 U.S.C. §1692f in that their actions were unfair and/or

Unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately preceding.

165. The Defendants violated Illinois FDCPA 225 ILCS 425/9.3 and 15 U.S.C.§1692g by repeatedly refusing to validate the alleged debt and 1692e in claiming that the Plaintiff was not entitled to any such right and that the FDCPA did not apply to the Plaintiff and that it was not "legally required" that the debt be Validated each violations represents up to $1,000 in favor of the Plaintiff

166. The Defendants violated Illinois FDCPA 225 ILCS 425/9.3 and 15 U.S.C.§1692c in that it continued, on multiple occasions to contact plaintiff notwithstanding the fact that plaintiff himself had on more than one occasion wrote and mailed cease and desist letters to defendants, requesting them to stop any further contact with plaintiff

167. Plaintiff has been compelled to hire fraud examiner to audit the debt of which has been frustrated by the non-compliance of the Defendants.

168. Plaintiff has incurred costs to research and hire independent fraud examiner for the purpose of conducting a forensic audit and a compliance audit of which represents an expense to the Plaintiff of which the service cannot be performed entirely until the defendants comply with the request for full documentation and validation, verification of debt.

169. The Defendant (s) violated 15 U.S.C. § 1692e(2)(A), (4)(5) and (10)(12) by repeatedly misrepresenting imminent nature of legal action by itself against plaintiff without complying or regard of strict the compliance Illinois consumer protection acts.

170. The Defendant (s) violated 15 U.S.C. § 1692g by making a threat of suit and/or arbitration during the debt validation request period in a manner that overshadowed the notice and demand of validation pursuant to the Fair Debt Collection practices act 1692g et seq & would create confusion for a least sophisticated consumer about his rights or remedies

171. The Defendants violated 15 U.S.C. § 1692e(5) by threatening legal action against plaintiff, when no such action could legally be taken because no debt was verified or validated and    defendants to date have failed to prove up any standing or right to state a claim in which relief may be granted or any instrument or document that obligates the Plaintiff to pay any sum of money to the defendant (s), plaintiff never applied or requested a mortgage loan from defendant and there is no evidence that proves any obligation thereof.

172. The Defendants violated 15 U.S.C.§1692e(4) in that it threatened that it had already taken legal action Where such action was not contemplated, or ever filed; any actual or intended would be Unlawful to take and not permitted by any non-existent contractual

right, and stated for the sole Purpose of terrifying the plaintiff and demanding payments, and deprive Plaintiff of property and things of value

Case: 1:13-cv-05571 Document #: 1 Filed: 08/05/13 Page 20 of 29 PageID #:20

173. The defendants violated 15 U.S.C. §1692f in that their actions were unfair and/or Unconscionable means to collect a debt for the reasons set forth in the paragraphs immediately proceeding.

174. The Defendant violated 15 U.S.C.§1692g by repeatedly refusing to validate the alleged debt and 1692e in claiming that the Plaintiff was not entitled to any such right and that the FDCPA did not apply to the Plaintiff and that it was not "legally required" that the debt be Validated each violations represents up to $1,000 in favor of the Plaintiff.

175. The Defendants violated 15 U.S.C.§1692c in that it continued, on multiple occasions to contact plaintiff notwithstanding the fact that plaintiff himself had on more than one occasion wrote and mailed cease and desist letters to defendants, requesting them to stop any further contact with plaintiff

176. Plaintiffs have been compelled to hire fraud examiner to audit the debt of which has been frustrated by the non-compliance of the Defendant.

177. Plaintiffs have incurred costs to research and hire independent fraud examiner for the purpose of conducting a forensic audit and a compliance audit of which represents an expense to the Plaintiffs of $4,500.00 of which the service cannot be performed entirely until the defendants comply with the request for full documentation and validation, verification of debt.

178.    As a result of defendants' actions, plaintiff Janet lost sleep, suffered emotional trauma and the same disrupted his entire household.

179.    As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and is liable to Plaintiffs for actual damages, statutory damage, cost & expenses.

180. As a result of defendants' actions, plaintiffs lost sleep, suffered emotional trauma and the same disrupted his entire household

181. As a result of the above violations of the FDCPA, the Defendants are liable to Plaintiffs for damages.

WHEREFORE, Plaintiffs respectfully prays that a judgment order be entered against the defendant as follows:

      a.    Declaratory judgment that Defendants' conduct violated the FDCPA for multiple counts, and injunctive relief against the Defendant (s) with conveyance of title and or deed by quiet title.

      b.    Actual damages; cost and expenses.

    c.     Defamation of character & damaged reputation by defendants for reporting negative information on plaintiff Janet's credit it's a statutory damage pursuant to 15 U.S.C .§1692k is $30,000 for ten months, one thousand dollars per month of reporting.

    d.     Statutory damages pursuant to 15 U.S.C. § 1692k which is up to $16,000 for all calls equivalent to 16 calls.

    e.     Costs and reasonable fees pursuant to 15 U.S.C. § 1692k.

    f.     For such other and further relief as this honorable court may deem just and proper

## COUNT II
### (Fraud and inappropriate conduct)

**() JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))**

182. All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

183. The failure of Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS) to validate the debt is a clear indication that fraud exist and failure to respond to the request is an admittance of the fraud, especially defendants JPMCB and Cherian Suzy who failed to give good accountability of all plaintiff deposits and rent incomes and escrow payments/security deposit.

184. The Illinois Supreme Court and federal court has held "Fraud encompasses a broad range of human behavior, Including but not limited to whether it be direct falsehood or innuendo, by speech or by silence, by words of mouth or by look or gesture" Regenold v. Baby Fold, Inc 68 Ill.2d.419, 435 (1977)., citing People ex rel. Chicago Bar Association v. Gilmore, 345 111.28,46, (1944)

185. It is well-settled in Illinois and federal law that an attempt to commit "Fraud upon the Court Vitiates the entire proceeding. See People of State of Illinois v. Fred E. Sterling, 357 111.354,192 N.E 2d. 229, (1934). Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS) knew and should have known that fraudulent issue of failing to validate a debt is violation and offense, knowing fully that they have no interest in the alleged note/mortgage prior to filing of their law suit.

186. All defendants fraudulently and illegally took up the idea of collecting debt without validation and verification of debt (response to QWR) as required by law after 30 days of plaintiff QWR .they deceived the court and ended up having a void judgment.

187. A detailed investigation proves that there are numerous errors in plaintiff's Mortgage and numerous payments un accounted for by ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS), that is why defendants have decided not to verify and validate the loan. By reason of the conduct described above, defendants, has engaged in numerous misconduct and plaintiff was injured and suffered emotional stress and loss

188. Defendants in their concerted actions engaged in deceitful conduct and communication with plaintiffs to defraud plaintiffs of his continual right to his personal property and take away his property. Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS) committed fraud by trying to collect a debt that does not exist.

189.    Plaintiff relied on various misrepresentations by defendants as a result, plaintiff was damaged.

190. Plaintiff demand judgment against each and every defendant, for compensatory damages and other amount as shall be fair and just compensation. As a result of defendants' actions, plaintiffs were damaged.

**WHEREFORE**, Plaintiffs being damaged in their persons and unduly influenced in the fine , demand judgment against each and every defendant, for $90.000.00 for compensatory damages or any other amount as shall represent fair and just compensation including court cost, attorney fees and litigation expenses.


### COUNT III
### HARASSMENT OR ABUSE
### 15 U.S.0 § 1692d (5)
**( JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian (Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))**

191.    Plaintiffs incorporate by reference all the above paragraphs of this Complaint as though fully stated herein.

192.    Plaintiffs specifically incorporates paragraph 31 as pertinent to this Count.

193.    The foregoing acts and omissions were cause by Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS)

22

194.   Plaintiffs were harmed by the Defendants' violation of the foregoing section of the FDCPA.

195.   Violation of any section of the FDCPA is a strict liability.

196.   Defendants actions were/are the proximate and direct cause of plaintiff's harm.

**WHEREFORE**, Plaintiffs being damaged in their persons and unduly influenced in the fine , demand judgment against each and every defendant, for $100,000.00 for compensatory damages or any other amount as shall represent fair and just compensation including court cost, attorney fees and litigation expenses.

**COUNT IV**
**FALSE OR MISLEADING REPRESENTATION**
**15 U.S.0 § 1692e (5)**
**( JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein  (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))**

197.   Plaintiffs incorporate by reference all the above paragraphs of this Amended Complaint as though fully stated herein.

198.   Plaintiffs specifically incorporates paragraph 31 as pertinent to this Count.

199.   The foregoing acts and omissions were caused by Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein  (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS)131. All defendants' statement and language constitute a materially false statement.

200. Defendants action, statement instigate and threaten action against plaintiffs, there is no sale yet on plaintiffs property and according to 735 ILCS 5/15-1701©, without a sale being confirmed eviction cannot proceed.

201. Therefore threatening to sale plaintiff home and harassing plaintiffs to move out by force are all misleading and false statements which resulted in plaintiffs severely hurt.

202.   Plaintiffs were harmed by the Defendants' violation of the foregoing Section of the FDCPA.

203.   Violation of any section of the FDCPA is a strict liability.

204. Defendants actions were/are the proximate and direct cause of plaintiff's harm.

## V
## CONSPIRACY

**( JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))**

All of Paragraphs in this Complaint are incorporated by reference as though fully set forth herein.

205.    Defendants, all knowing fully that the attempt to continue to collect a debt without validation and verification of debt was defective, that there should have been response to the administrative proceeding Act , as requested by plaintiff for validation of debt and response to QWR.

206. All defendants conspired with one another in a concerted effort to violate state and Federal laws, prohibiting illegal and fraudulent means of collection of debt.

207. Defendants, with direct and indirect approval among one another, should have known that their activities to continue to collect the debt without proper validation of debt are fraudulent. The Defendants knows fully that the statue has been violated and knows fully that Collection without having standing and interest on the property and without due validation is offense, knew it was wrong but conclusively attempted to do it and was the direct and proximate cause of plaintiff's damages.

208. Defendants, to continue the collection activity, conspired directly or indirectly with each other, with the sole intent to derail the legal process, to frustrate plaintiff and defraud him and take away the property, were done solely with the intent to deprive and interfere with plaintiff's substantial rights to due process of the law.

209.    Defendants' negligent and intentional conduct against plaintiff resulted in violation of the due process right of plaintiff and causing high cost of litigation, As a result of defendant's action, plaintiff was damaged and was depressed.

210. Also Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS)all-knowing fully that refusing plaintiffs the right to their property by attempting to fraudulently collect money from plaintiff, also that refusing to pay Plaintiff Obi proceeds from the rent since January 2013 is denial of Obi's right to the property of Plaintiff Janet's Interest . refusal to quitclaim the property to Janet or allow Obi and Ocean breaker in to manage the property and bring the deliquent mortgage current was a clear manifestation that defendants Cherian wants the property to be foreclosed and she can make away with thousands of dollars and file Bankruptcy as she has expressed to some of my friends and to plaintiff Janet physically.

211. Defendant Cherian's statements " I will file bankruptcy if you win and make sure you get nothing" is clear fact that she has intentionally refused to pay the mortgage and defraud all .

212. All Defendants) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF)
Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy),
Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS) with one
another in a concerted effort to violate state and Federal laws, prohibiting illegal and
fraudulent means of conversion of consumer personal property (theft) and denial of right
to personal property at all-time constitute a serious and harmful violation.

213.   All Defendants, ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC
(CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy
Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System
(MERS)with direct and indirect approval among one another, should have known that
their activities to continue to collect an unverified debt is a violation and unlawful.

214.   The Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC
(CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy
Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System
(MERS) fully that the statue has been violated and knows that continual collection
activity is an act of theft and is criminal and violates the rule of law and common sense.

215. Really, the conversion, stealing and withholding of plaintiff property without
plaintiff consent by way of collection of debt without validation is not only offensive, but
is unlawful. Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC
(CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy
Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System
(MERS) knew it was wrong but conclusively decided to do it and was the direct and
proximate cause of plaintiff's damages.

216.   Defendants ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF)
Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy),
Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS), to
continue the collection activity are unacceptable. Defendants' conspired directly or
indirectly with each other, with the sole intent to derail the legal process, to frustrate
plaintiff and punish him and take away his property and converting it into their own
continual usages, were done solely with the intent to deprive and interfere with plaintiff's
substantial rights to his property and to due process of the
law.

217.   Defendants JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF)
Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian (Susy),
Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS)negligent
and intentional conduct against plaintiff resulted in violation of the due process right of
plaintiff and causing high cost of litigation, As a result of defendant's action, plaintiff was
damaged and was depressed.

**WHEREFORE**, Plaintiffs being damaged in their persons, request relief as follows;
     A. Actual damages in the amount to be decided by the Jury or approximately in the
excess of $190,000.00
B.       Compensatory and punitive damages as will be decided by the jury

C.    Other relief this Court finds just and proper
D.    Trial by jury on all counts.


## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**( JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein  (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS) )**

218.    All of the paragraphs in this complaint are incorporated by reference as though fully set Forth herein

219.    The defendants have been in the habit of indiscriminate and unlawful collection activities without verification and validation of debt to poor resident of this district..

220.    Plaintiffs were informed through their communication with defendants and or its agents or otherwise acting on behalf those defendants knew that Plaintiffs are poor minority resident, cannot initiate the law suit to fight for their rights and knew that delay in litigation Will harm plaintiffs severely .Defendants also knew that plaintiffs are especially vulnerable and Susceptible to defendant's actions.

221.    Defendant's had full knowledge of their lack of legal justification regarding their inability to verify and validate the loan/debt. Defendant's conduct as described above was done with the intention to cause severe emotional distress to plaintiff.

222.    Defendants' actions were done with reckless and deliberate disregard of a high degree of probability that emotional distress would result from said actions.

223.    As a result of all defendants' conduct, plaintiffs suffered actual damages:

224.    Plaintiff Phongsa Janet constantly cries, and unable to relax and continues to have difficulty sleeping, as a result of all these actions, plaintiff Obi's high blood pressure was constantly high, a threat to his life.

225.    Plaintiffs due to high stress level were unable to concentrate, because they have to pay the cost of filing for the law suit.

226.    Defendant's extreme and outrageous conduct as described above was the actual and proximate cause of plaintiff's emotional distress.

**WHEREFORE,** Plaintiffs demand judgment against each and every defendant for compensatory damages, actual damages in the amount that will be decided by the jury or any further relief this Court may deem Just and proper.

## COUNT VII

### EMERGENCY TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

### ( JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein  (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))

227.    Plaintiffs reaffirm and re-allege paragraphs 1 through 226 as paragraph 227 as if set forth more fully herein below.

228.    This is an action for emergency temporary and permanent injunctive relief which is brought pursuant to applicable law.

229.    Plaintiffs have a clear legal right to seek temporary and permanent injunctive relief as Plaintiffs reside in the Property, have tenant in the property and is the legal owner of the property and as Defendants have failed to verify and validate the debt, have not proved any positive standing as having interest on the said alleged property mortgage prior to filing of their foreclosure low suit. Defendant default has automatically revoked any right the alleged lender has on that property and as such power of attorney has been withdrawn.

230.    Defendants' have failed to proof any legal standing to take possession, custody and control of the Property and ultimately remove the Plaintiff property without due process of the law.

231.    Plaintiff have no adequate remedy at law to redress the harm complained of, and the continual illegal encroachment, collection activity and collection harassment by defendant, under the circumstances of record, is contrary to equity and good conscience, and that Defendants has no legal standing to continue to collect any alleged debt on the property which they have no interest on or the alleged lender cannot proof ownership to.

232.    The specific facts set forth in this Complaint demonstrate that unless an Emergency temporary injunction against the continual illegal collection of alleged debt by defendants is granted, Plaintiff will suffer the irreparable injury, loss, and damage of the loss of his property.

233.    Under the circumstances where the defendants' has continued to threatened plaintiff, filing false report, continue to illegally collect debt and threatened to foreclose Plaintiff property puts plaintiff at risk of irreparable loss if the emergency relief requested herein is not granted immediately.

234.    As Defendants'  has no legal standing to the illegal collection activities, there is no harm to said Defendants with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiff if the relief requested herein is not granted.
Refund of all illegal withheld of plaintiff income and stealing of plaintiff money by defendants should be refunded immediately.

235. The granting of the relief requested herein is in the public interest as the consuming public, including Plaintiff, will continue to be harmed by the illegal and unlawful conduct of the Defendants

**WHEREFORE**, Plaintiff respectfully request that this Court immediately take jurisdiction of this matter and enter an Order granting temporary and permanent injunctive relief expressly precluding and authorizing the immediate stop of collection activity until defendants can proof that they have interest on the property prior to their law suit and that there exist a contract, and also produce the original plaintiff wet ink signature of the loan contract showing all parties signature on the contract documents for the reasons set forth herein, provide proof of response to plaintiff QWR for validation and verification of debt and for any other and further relief which is just and proper.

## COUNT VI

### DECLARATORY RELIEF

**( JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian(Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS))**

236. Plaintiffs reaffirms and re-alleges paragraphs 1 through 235hereinabove as Paragraph 236, as if set forth more fully herein below.

237. This is an action for declaratory relief which is being brought pursuant to applicable law to declare that Defendants has no legal or equitable rights in the Note or loan for the property since defendants has failed to validate the debt for purposes of ownership and that said Defendants has no legal standing to continue to collect the alleged debt.

238. Plaintiffs have no adequate or alternative remedy at law with reference to the relief requested herein.

239. As set forth above, Defendants does not possess the requisite legal rights to ownership on the said Property promissory note.

240. As set forth above, Defendants has provided no evidence that it has full legal Interest in and title to the property and has provided no evidence that it has any interest in the Note that grant them interest to the property.

241. The declaration by this Court that Defendants has no legal right and cannot continue to collect illegally the alleged debt is necessary and essential at this point to protect the rights of the consumer.

242. As set forth above, Defendants ) Pierce & Associates (Pierce),Schwartz Wolf & Bernstein (SWB) Susy Cherian (Susy), Wolf Daniel A(Dan Wolf),Mortgage Electronic Registration System (MERS) as the alleged debt collector and Defendant ) JPMorgan Chase Bank (JPMCB), Chase Home Finance LLC (CHF) as the alleged creditor was not

a party to the original mortgage contract documents if any; and it was never mentioned anywhere that there is a legitimate transfer with Defendants in the Note; and defendants has failed to demonstrate any valid assignment transferring rights to them by any party and is thus legally precluded from ownership of the Property.

**WHEREFORE**, Plaintiffs with all these counts, demand judgment against all defendants for compensatory and any other amount as shall be fair and just compensation

Respectfully Submitted,
By

_____
Janet Phongsa
Pro Se

_____
Innocent Obi
Pro Se

Janet Phongsa
Innocent Obi
P.O. Box 490122
Chicago IL. 60649